# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:17-CV-00609-DSC

| | |
|---|---|
| HATTIE J. MACON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) ORDER |
| v. | ) |
| | ) |
| QUEENS UNIVERSITY OF CHARLOTTE, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Defendant's "Motion for Summary Judgment" (document #14) and the parties' associated briefs and exhibits.

The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636 (c). This Motion is now ripe for the Court's consideration.

After fully considering the arguments, the record, and the applicable authority, the Court grants in part and denies in part Defendant's Motion for Summary Judgment as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 13, 2017, Plaintiff filed this action alleging race-based discrimination, hostile work environment, and retaliation against her former employer in violation of 42 U.S.C. § 1981. In her response brief, Plaintiff states that she "does not pursue her retaliation and hostile work environment claims." Document #22 at 1. Accordingly, for the reasons stated in Defendant's briefs, its Motion for Summary Judgment is granted as to those claims. The Court then turns to Plaintiff's remaining claim for race-based discrimination.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." Vannoy v. Federal Reserve Bank of Richmond, 827 F.3d 296, 300 (4th Cir. 2016) (quoting Libertarian Party of Va. v. Judd, 718 F.3d 308, 313 (4th Cir. 2013)). "A fact is material if it might affect the outcome of the suit under the governing law." Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The court must view the evidence and any inferences therefrom in the light most favorable to the nonmoving party. Tolan v. Cotton, 572 U.S. 650, 657 (2014); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court applies "the fundamental principle that at the summary judgment stage, reasonable inferences should be drawn in favor of the nonmoving party." Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 570 (4th Cir. 2015) (quoting Tolan, 572 U.S. at 660). "Summary judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits." Id. at 568-69 (quoting 10A Charles Alan Wright & Arthur R. Miller et al., Federal Practice & Procedure § 2728 (3d ed.1998)). "The court therefore cannot weigh the evidence or make credibility determinations." Id. at 569 (citing Mercantile Peninsula Bank v. French (In re French), 499 F.3d 345, 352 (4th Cir. 2007)). In the end, the

question posed by a summary judgment motion is whether the evidence "is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 252.

## III. DISCUSSION

The Court concludes that taking the evidence in the light most favorable to Plaintiff, there is an issue of material fact that would permit, but not require, a reasonable jury to return a verdict in her favor on her race-based discrimination claim. Accordingly, Defendant's Motion for Summary Judgment is denied as to that claim.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED** that:

1. Defendant's "Motion for Summary Judgment" (document #136) is **DENIED** as to Plaintiff's race-based discrimination claim and **GRANTED** as to her hostile work environment and retaliation claims.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED ADJUDGED AND DECREED.**

Signed: December 11, 2018

David S. Cayer
United States Magistrate Judge